IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KPI BRIDGE OIL SINGAPORE PTE LTD., <br><br> Plaintiff, <br><br> v. <br><br> M/V CITY OF TOKYO (IMO 8709145), her tackle, boilers, apparel, furniture, engines, appurtenances, etc., *in rem*, <br><br> and <br><br> CEDAR CAR CARRIER AS, and ABOU MERHI LINES SAL, *in personam* <br><br> Defendants. | IN ADMIRALTY <br><br> CASE NO.: <br><br> **VERIFIED COMPLAINT** |

COMES NOW Plaintiff, KPI BRIDGE OIL SINGAPORE PTE LTD. (hereinafter "KPI" or "Plaintiff"), by undersigned counsel, for its Verified Complaint against Defendants, M/V CITY OF TOKYO, (IMO No. 8709145), her engines, freights, apparel, appurtenances, tackle, etc. *in rem*. (hereinafter "CITY OF TOKYO" or "the Vessel"), CEDER CAR CARRIER AS ("CEDAR") and ABOU MERHI LINES SAL ("ABOU MERHI"), alleges and pleads as follows:

**JURISDICTION AND VENUE**

1. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, and this is an admiralty and maritime claim

VERIFIED COMPLAINT-1

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the maritime procedures and special relief provided in Rule B (maritime garnishment and attachment, *quasi in rem*) and Rule C (maritime lien, *in rem*) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure for the arrest and attachment of Defendant Vessel.

2. This action is commenced pursuant to the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b), and intradistrict assignment to the Tacoma Division is appropriate because the Vessel is at anchorage near the Port of Tacoma.

## THE PARTIES

3. At all times material hereto, Plaintiff, KPI, was and still is a foreign corporation duly organized and existing pursuant to the laws of Singapore, with an office in Singapore.

4. Defendant M/V CITY OF TOKYO, her engines, machinery, tackle, apparel, furniture, equipment, rigging, and all other necessary appurtenances thereto, IMO No. 8709145 is registered under the laws of Liberia, and is, and will be during the pendency of this action, within the jurisdiction of the United States and this Honorable Court.

5. Defendant CEDAR was at all material times a foreign corporation and the registered owner of the Vessel.

6. Defendant ABOU MERHI was at all material times a foreign corporation and the operator and/or manager of the Vessel.

## FACTS

7. KPI brings this action in order to recover amounts indisputably due and owing to it by Defendants arising from the supply of lubricants to the M/V CITY OF TOKYO pursuant to maritime contracts.

8. In September 2014, ABOU MEHRI, as operator and agent on behalf of owner CEDAR, engaged and contracted for KPI to arrange for the supply and delivery of lube oils,

VERIFIED COMPLAINT-1

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

1    *i.e.* approximately 8,000 liters of Taro Special HT 70 at a price of $2.78 per liter, to the Vessel
2    at the port of Portland, Oregon. *A copy of the Confirmation of Order is attached hereto as*
3    *Exhibit 1.*

4    9.      The lube oils were supplied to the Vessel on September 5, 2014 at the port of
5    Portland, Oregon and accepted on behalf of the Vessel by its authorized representative, the
6    Chief Engineer. On September 24, 2014, KPI issued its Invoice for the supply of the lube oils
7    totaling **$31,548.38** to the Vessel, ABOU MEHRI, and CEDAR. *A copy of the Delivery*
8    *Receipt is attached hereto as Exhibit 2 and the Invoice is attached hereto as Exhibit 3.*

9    10.     On or about December 5, 2014, ABOU MEHRI, as operator and agent on
10   behalf of owner CEDAR, engaged and contracted for KPI to arrange for the supply and
11   delivery of lube oils, *i.e.* approximately 9,000 liters of Lukoil Navigo 70 MCL at a price of
12   $2.94 per liter, approximately 5,000 liters of Lukoil Navigo TPEO 30/30 at a price of $2.93 per
13   liter, and approximately 100 liters of Lukoil Renolin 504 VDL 100 at a price of $7.20 per liter,
14   to the Vessel at the port of Fujairah, United Arab Emirates. *A copy of the email exchanges*
15   *confirming the Order is attached hereto as Exhibit 4.*

16   11.     The lube oils were supplied to the Vessel on December 6, 2014 at the port of
17   Fujairah and accepted on behalf of its authorized representative, the Chief Engineer. On
18   January 12, 2015, KPI issued its Invoice for the supply of the lube oils totaling **$42,030.24** to
19   the Vessel, ABOU MEHRI, and CEDAR. *A copy of the Delivery Receipt is attached hereto as*
20   *Exhibit 5 and the Invoice is attached hereto as Exhibit 6.*

21   12.     In January 2015, ABOU MEHRI, as operator and agent on behalf of owner
22   CEDAR, engaged and contracted for KPI to arrange for the supply and delivery of lube oils,
23   *i.e.* approximately 10,000 liters of Taro Special HT 70 at a price of $2.77 per liter, to the
24   Vessel at the port of Singapore. *A copy of the Confirmation of Order is attached hereto as*
25   *Exhibit 7.*

26

VERIFIED COMPLAINT-1

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

13.     The lube oils were supplied to the Vessel on January 9, 2015 at the port of Singapore and accepted on behalf of its authorized representative, the Chief Engineer.  On January 27, 2015, KPI issued its Invoice for the supply of the lube oils totaling **$27,950.00** to the Vessel, ABOU MEHRI, and CEDAR.  *A copy of the Delivery Receipt is attached hereto as Exhibit 8 and the Invoice is attached hereto as Exhibit 9*.

14.     Each lube oil supply contract expressly incorporated KPI's Terms and Conditions, stating, "Seller's terms & conditions to apply to this contract and the latest version is available from our website http://www.kpibridgeoil.com/1245-1339.aspx, these are an integral part of this contract."  *See* Exhibits 1, 4, and 7.  *A copy of the Terms and Conditions are attached as Exhibit 10*.

15.     Each lube oil supply contract and each invoice issued to Defendants M/V CITY OF TOKYO, CEDAR, and ABOU MEHRI expressly confirm that payment is due in full within forty-five (45) days of delivery of the lube oils and that "Interest shall be payable by the buyer at 1.5 percent per month or pro-rata for any part thereof in respect of late payment."  *See, e.g.*, Exhibits 1, 3, 4, 6, 7, and 9.

16.     The Vessel's Master and Chief Engineer are officers appointed by the vessel, pursuant to the Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31341 (a)(2).

17.     By signing the Delivery Receipts, the Vessel's representatives acted on behalf of the Vessel and her Owner and/or Operator to procure the lube oils as necessaries for the M/V CITY OF TOKYO, and thereby accepted them on behalf of, *inter alia,* the Vessel so that she could continue her journey and trade. *See* Exhibits 2, 5, and 8.

18.     Pursuant to the lube oil supply contracts, the terms and conditions, and the issued invoices, payments were due from Defendants as follows:

   a.  Invoice 78416        $31,548.38 – October 19, 2014
   b.  Invoice 79223        $42,030.24 – January 19, 2015
   c.  Invoice 79353        $27,950.00 – February 22, 2015

VERIFIED COMPLAINT-1

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

*See* Exhibits 3, 6, and 9, respectively.

19. The total principal amount due and owing is **$101,528.62**, plus applicable contractual interest, costs, and fees.

20. On or about March 11, 2015, Defendants, by and through Bill Taha, the Chief Financial Officer of the Abou Merhi Group acknowledged that the balances for the three (3) supplies of lube oils to the M/V CITY OF TOKYO remained outstanding and had not been paid despite KPI supplying said necessaries to the Vessel and issuing invoices for the same in accordance with the parties' maritime contracts. *A copy of the exchanges confirming the outstanding principal amounts due and owing under the Invoices is attached hereto as Exhibit 11*.

21. Despite repeated representations that payment was forthcoming, the amounts remain due and owing and KPI has not been paid.

22. Accordingly, KPI requests this Court to issue a warrant of arrest against the M/V CITY OF TOKYO and a writ of attachment and garnishment against CEDAR and ABOU MEHRI as demanded below:

### CAUSE ONE – MARITIME LIEN AND REQUEST FOR RULE C ARREST

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "22" and incorporates those allegations herein.

24. Pursuant to KPI's Terms and Conditions governing the lube oil supply contracts, Article 9.1 provides as follows:

> The Bunker Fuel supplied to the Vessel is sold and delivered on the credit of the Vessel, as well as on the promise of the Buyer to pay therefore, and the Buyer agrees and warrants that the Seller shall have and may assert a maritime lien against the Vessel and may take such other action or procedure against the Vessel and any other Vessel or asset beneficially owned or controlled by the Buyer, for the amount due for the Bunker Fuel and the delivery thereof. The Seller is entitled to rely on any provisions of law of the flag state of the Vessel, the place of delivery or where the Vessel is found and shall, among other things, enjoy the full benefit of local legislation granting the Seller maritime lien on the Vessel and/or providing for the right to arrest the Vessel.

VERIFIED COMPLAINT-1

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

> Nothing in the Bunker Contract shall be construed to limit the rights and/or legal remedies that the Seller may enjoy against the Vessel or the Buyer in any jurisdiction.

*See* Exhibit 10.

25. Accordingly, Plaintiff may and does now seek enforcement of a maritime lien for the supply of necessaries, *i.e.* lube oil, under the provisions of 46 U.S.C. §§ 31341 *et seq.*

26. The said lube oil necessaries delivered to the Vessel were necessary to the accomplishment of her mission; to wit: trade worldwide as a commercial ship. The Vessel's officers, representatives, and agents at the lube oil deliveries set forth above were authorized to order necessaries for the account and on the credit of the Vessel.

27. The Vessel has received the benefit of the lube oil deliveries provided by Plaintiff and is indebted to Plaintiff, KPI, and obligated to pay for the aforementioned goods and services.

28. Under Articles 9.1 and 20.1 of KPI's Terms and Conditions governing the contract for the sale of lube oil to the M/V CITY OF TOKYO, the laws of the United States are applicable for the purpose of securing payment of any amount due and owing to the Plaintiff. Accordingly, Plaintiff may and does now seek enforcement of a maritime lien for the supply of necessaries, *i.e.* lube oil, under the provisions of 46 U.S.C. §§ 31341 *et seq.*

29. As a result of Defendants' failure to pay the amounts owed to Plaintiff for the necessaries supplied to the Vessel, under the terms of the lube oil supply contract, Plaintiff's claim for the amount of **$101,528.62**, plus interest and costs, attaches as a maritime lien on the said Vessel in favor of Plaintiff and is enforceable under the provision of 46 U.S.C. § 31341 *et seq.* with suit *in rem*.

30. Accordingly, Plaintiff seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

VERIFIED COMPLAINT-1

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

## CAUSE TWO – REQUEST FOR ISSUE OF WRITS OF MARITIME ATTACHMENT AND GARNISHMENT

31. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "30" and incorporates those allegations herein.

32. Defendant ABOU MEHRI, as operator of the Vessel, was an authorized agent of Defendant CEDAR and permitted to arrange for the supply of goods and services to the M/V CITY OF TOKYO for and on behalf of CEDAR. The M/V CITY OF TOKYO, CEDAR, and ABOU MEHRI received the benefit of the goods and services provided by Plaintiff under the lube oil supply contracts, and Defendants are indebted to KPI and obligated to pay for the aforementioned goods and services.

33. As a result of the foregoing, KPI has an *in personam* maritime claim against CEDAR and ABOU MEHRI for breach of the maritime contracts for the supply of lube oil to the M/V CITY OF TOKYO.

34. Plaintiff has performed all conditions precedent to warrant full and complete payment for the aforementioned services.

35. Payment of all sums has been duly demanded by Plaintiff from Defendants, but an outstanding principal amount of **$101,528.62** remains unpaid. *See Exhibit 11*.

36. In addition, as set forth in KPI's Invoices (*see* Exhibits 3, 6, and 9), any delay in payment of the full sum due entitles KPI to interest at the rate of one point five percent (1.5%) per month, or pro-rata for any part thereof, from the date payment was due to the date of payment. From the invoice due dates to today's date, interest (which continues to accrue daily) has accrued on KPI's Invoices as follows:

    a. Invoice 78416    $3,028.64

    b. Invoice 79223    $2,101.51

    c. Invoice 79353    $922.35

    d. Total:    $6,052.50

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

37. Additionally, Article 15 of KPI's Standard Terms and Conditions of Sale (*attached hereto as Exhibit 10*), incorporated by reference into the lube oil sales contracts agreed by Defendants, provides that CEDAR and ABOU MEHRI agreed to pay "any and all expenses, legal fees, and court costs incurred by [KPI] . . . to collect and obtain payment of any amount due to [KPI], including but not limited to legal fees and court costs associated with enforcing a maritime lien, attachment, right of arrest, or other available remedy in law, equity or otherwise . . ." Legal fees and costs continue to accrue, including the anticipated costs of attachment and arrest of the Vessel estimated to be not less than $20,000.00.

### A. Underlying Claim on the Merits

38. Article 19.2 of KPI's Standard Terms and Conditions of Sale (*see* Exhibit 10), which were incorporated by reference into the lube oil sales contracts agreed by Defendants, provides for all disputes between KPI and Defendants not arising out of or in relation to the quantity or quality of the fuel to be submitted, at the sole election of KPI, to the non-exclusive jurisdiction of the High Court of Singapore.

39. KPI intends to claim the full currently outstanding amount of **$101,528.62**, plus contractual interest accrued to date **$6,052.50** plus contractual interest which will continue to accrue at the rate of 1.5% per month, in legal proceedings to be commenced before the High Court of Singapore. Plaintiff estimates that the legal costs that will be incurred to pursue these claims before the High Court of Singapore will be approximately **$75,000.00.** As it is customary in Singapore, arbitration and litigation legal costs, including attorneys' fees, are awarded to the prevailing party.

40. This action against Defendants CEDAR and ABOU MEHRI is an ancillary proceeding, brought in order to obtain jurisdiction over the *in personam* Defendants and to obtain security for Plaintiff's claims in the Singapore proceedings.

VERIFIED COMPLAINT-1

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

1   **B.  Application for Rule B Attachment and Garnishment**

2   41.     Defendants are not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims. *See Attorney Declaration of George M. Chalos attached hereto as Exhibit 12*. Nevertheless, Defendants have within the District tangible or intangible personal property in the hands of parties who may be named garnishees in the process of maritime attachment and garnishment consisting of debts, credits, or effects.

42.     More particularly the MV CITY OF TOKYO, bearing IMO No. 8709145 and international call sign D5GK6, a vehicles carrier Vessel owned and operated by Defendants CEDAR and ABOU MEHRI, is within the Western District of Washington, at anchorage near Tacoma, Washington and is expected to berth at the port of Tacoma.

43.     Plaintiff has maritime claims against the Defendants arising out of maritime contracts (*i.e.* – the aforementioned lube oil supply contracts).

44.     The amount of Plaintiff's claim as reasonably as it can be estimated is as follows:

|   |   |   |
|---|---|---|
| a. | Principal amount due and owing …………………………… | $101,528.62 |
| b. | Interest incurred to date……………………………………… | $6,052.50 |
| c. | Estimated Interest at 1.5% compounded monthly for 2 years. | $38,423.91 |
| d. | Recoverable Legal Fees and Costs…………………………… | $95,000.00 |
| **Total Claim…………………………………………………………..** | | **$241,005.03** |

45.     Therefore, Plaintiff's total claim for breach of the maritime contracts against Defendants is in the aggregate sum of **$221,005.03.**

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A.      That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction, issue against Defendants, citing

VERIFIED COMPLAINT-1

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

Defendants to appear and answer under oath all, and singular, the matters, alleged in the Verified Complaint;

  B. That a warrant for the arrest of the M/V CITY OF TOKYO be issued in accordance with Supplemental Admiralty Rule C and that the Vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein against defendant M/V CITY OF TOKYO, her engines, freights, apparel, appurtenances, tackle, etc., *in rem*;

  C. That this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Admiralty Rule B attaching all property belonging to Defendants CEDAR and ABOU MEHRI, tangible or intangible, up to the amount of at least $221,005.03, inclusive of contractual interest, costs, and attorneys' fees due to Plaintiff, to secure the Plaintiff's claim, and that all persons claiming any interest in any attached property be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Verified Complaint;

  D. That after due proceedings, judgment be entered in favor of Plaintiff and against the Defendant M/V CITY OF TOKYO, *in rem*, for the amount of $101,528.62, plus interest and costs pled herein;

  E. That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

  DATED this 30th day of April, 2015.

                NICOLL BLACK & FEIG PLLC

                */s/ Jeremy B. Jones*
                Jeremy B. Jones, WSBA #44138
                *Attorneys for Plaintiff*

VERIFIED COMPLAINT-1

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

| | |
|---|---|
| 1 | *Of counsel*: |
| 2 | George M. Chalos (GC-8693) |
| 3 | (*pro hac vice application forthcoming*)<br>CHALOS & CO, P.C. |
| 4 | 55 Hamilton Avenue<br>Oyster Bay, NY 11771 |
| 5 | Telephone: (516) 714-4300<br>Facsimile:  (516) 750-9051 |
| 6 | Email: gmc@chaloslaw.com |

VERIFIED COMPLAINT-1

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555